UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KALISTA POPP,<br><br>    Plaintiff,<br><br>v.<br><br>SWIFT FUNDS, LLC,<br><br>    Defendant. | No. 1:14-CV-0390 (TJM/RFT)<br><br>JURY DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### *Introduction*

1. In this action, Plaintiff Kalista Popp seeks redress for Defendant Collection Bureau of the Hudson Valley, Inc.'s illegal collection activities, committed in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

### *Parties*

2. Although Kalista Popp is a citizen of the Commonwealth of Massachusetts, she resided in Albany for a time.

3. When she lived in Albany, she entered into a Health Club agreement with a local gym known as "Best Fitness."

1

4. Popp is a "consumer," as that term is defined by FDCPA § 1692a(3).

5. The alleged debts that Swift Funds, LLC ("Swift") sought to collect from Popp are consumer debts, as that term is defined by FDCPA § 1692a(5).

6. The alleged debts that Swift sought to collect from Popp were originally incurred for personal, family or household purposes.

7. That is, the alleged debts that Swift sought to collect from Popp were allegedly owed for a membership at a Best Fitness location in Albany.

8. Swift is a California Limited Liability Company with a principal place of business located at 927 Deep Valley Drive, Rolling Hills Estates, California 90274.

9. Swift does business in this district by regularly and routinely sending correspondence into New York State.

10. Swift is regularly engaged for profit in the collection of debts allegedly owed by consumers.

11. Swift is a "debt collector," as that term is defined by § 1692a(6) of the FDCPA, and identifies itself as such on its collection correspondence.

## *Jurisdiction and Venue*

12. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

13. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

14. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

15. To wit, Swift sent correspondence to Popp in Albany and made multiple calls to Popp, believing that she was still residing in Albany.

16. Venue is also proper in this district since Swift transacts business in this district.

## COUNT I
### *Violations of the FDCPA*

17. Plaintiff restates, realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

18. In 2012, Swift began attempting to collect a debt from Popp.

19. Swift claimed that Popp owed a debt to a Best Fitness health club location near Popp's former residence in Albany.

20. In furtherance of collection, Swift sent collection letters to Popp her former residence in Albany.

21. Best Fitness also sent emails to Popp and made calls to Popp's cell phone, believing that she still lived in Albany.

22. Although she did not believe she owed money, in November 2012, Popp settled the alleged debt with Swift by agreeing to pay $257.52.

23. This agreement was reflected in a letter from Swift, dated November 8, 2012, a copy of which is attached as Exhibit A.

24. In the letter, Swift represented that "THIS LETTER WILL SERVE AS CONFIRMATION THAT THE ABOVE REFENCED ACCOUNT WILL BE CONSIDERED PAID IN FULL UPON RECEIPT OF $257.52 IN CERTIFIED FUNDS."

25. Popp duly paid the $257.52.

26. In or about February 2013, Popp had communications with an employee of Swift who went by the name of Steven Black, who confirmed that payment had been made in full.

27. Despite having made payment in full, on or about November 26, 2013, Popp received a voicemail from a collector at Swift that contained the following threats:

> Hi, this is Karen Redmond. And, uh, as you know, I've been trying to reach you for some time in reference to, um, your case file that was turned over to me quite some time ago. And unfortunately, at this point, because I haven't heard back from you, our client is asking that I have the matter filed and reported this week. If you have any questions, my direct line is 831-250-6126. Thank you, bye-bye.

28. Swift is liable to Popp for violating § 1692e, e(10), and e(11) of the FDCPA by failing to state in the voicemail that the communication is from a debt collector.

29. Swift is liable to Popp for violating § 1692d and d(6) of the FDCPA for failing to meaningfully disclose the caller's identity – to wit, that Ms. Redmond is calling on behalf of Swift Funds, LLC, a debt collector.

30. Swift is liable to Popp for violating § 1692e, e(2), and e(10) of the FDCPA for giving a false impression of the character, amount, and legal status of the alleged debt – that is, by stating that an alleged debt is due and owing and would be "filed and reported" when, in fact, Popp had settled and paid off the alleged debt in full.

31. Swift is also liable to Popp for violating § 1692e, e(2), and e(10) of the FDCPA by giving a false impression of the character, amount, and legal status of the alleged debt – that is, by falsely threatening a lawsuit or false

5

credit reporting to be "filed and reported this week," even though Popp had settled and paid off the alleged debt in full.

32.  Swift is also liable to Popp for violating § 1692e, e(5), and e(10) of the FDCPA for threatening to take actions that cannot legally be taken or that are not intended to be taken – that is, by falsely threatening a lawsuit or false credit reporting to be "filed and reported this week," even though Popp had settled and paid off the alleged debt in full.

33.  Swift is also liable to Popp for violating § 1692f and f(1) of the FDCPA for using unfair and unconscionable means to attempt to collect amounts that are not authorized by agreement or permitted by law – that is, by falsely threatening a lawsuit or false credit reporting to be "filed and reported this week," even though Popp had settled and paid off the alleged debt in full and no sums could legally be collected.

34.  In sum, by having its debt collector, Ms. Redmond, leave the voicemail on or about November 26, 2013, Swift violated Popp's rights under §§ 1692d, d(6), e, e(2), e(5), e(10), e(11), f, and f(1) of the FDCPA.

35.  As a result of Swift's acts, Popp suffered actual damages including frustration, mental anguish, emotional distress, loss of sleep, anxiety, and stress.

WHEREFORE, Plaintiff Kalista Popp asks that this Court enter judgment in her favor and against Defendant Swift Funds, LLC, and award damages as follows:

    a.    The maximum amount of statutory damages provided under the FDCPA, 15 U.S.C. § 1692k;

    b.    Actual damages under 15 U.S.C. § 1692k;

    c.    Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    d.    A declaration that Defendant has violated the FDCPA; and

    e.    Any other relief that this Court deems appropriate and just under the circumstances.

## *Jury Demand*

Plaintiff demands trial by jury.

Dated:    New York, New York
           April 7, 2014

Respectfully submitted,

Bromberg Law Office, P.C.

By: /s/ Brian L. Bromberg
     Brian L. Bromberg
     One of Plaintiff's Attorneys

<u>Attorneys for Plaintiff:</u>
Brian L. Bromberg
Jonathan R. Miller

Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY  10004
(212) 248-7906